UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| United States of America, | Case No. 19-cr-0263 (WMW) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jesse Matthew Goldman, | |
| Defendant. | |

---

This matter is before the Court on Defendant Jesse Matthew Goldman's motion for release from custody pending sentencing. (Dkt. 77.) Plaintiff United States of America opposes Goldman's motion. For the reasons addressed below, the Court denies Goldman's motion.

## BACKGROUND

On December 5, 2019, Goldman pleaded guilty to Conspiracy to Distribute Heroin, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. At the conclusion of the plea hearing, the Court remanded Goldman to the custody of the United States Marshals Service pursuant to the Mandatory Detention Act. 18 U.S.C. § 3143(a)(2). Goldman is subject to mandatory detention pending sentencing because the offense to which he pleaded guilty is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, and carries a maximum term of imprisonment of ten years or more, *see* 18 U.S.C. § 3142(f)(1)(C) (incorporated by reference in 18 U.S.C. § 3143(a)(2)). A defendant subject to mandatory

detention pending sentencing may be released only for "exceptional reasons." 18 U.S.C. § 3145(c).

Goldman moved for release at his guilty-plea hearing. This Court denied the motion, finding that Goldman offered no legal or factual support for his request. Goldman again moved for release from detention on December 19, 2019, arguing that exceptional reasons exist for his release because he was recommended for inpatient treatment. After reviewing the parties' briefs and holding a hearing on the matter, the Court denied Goldman's motion because Goldman failed to establish exception circumstances for release as required by 18 U.S.C. § 3145(c). *See* Fed. R. Crim. P. 46(c). Goldman now moves for release from custody pending sentencing, arguing that he is "categorized as most-at-risk for contracting COVID-19" because he suffers from asthma and the conditions at Sherburne County Jail jeopardize his health.

## ANALYSIS

The decision to release a defendant pending sentencing is governed by 18 U.S.C. § 3143. After a defendant has been found guilty of an offense described in Section 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant detained unless two conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed; *and* (2) there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community. 18 U.S.C. § 3143(2). Goldman does not dispute that he meets the criteria for mandatory detention.

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, a defendant may be released pending sentencing "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Exceptional reasons that may warrant release under Section 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted); *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) (observing that "mere personal reasons," including family- or health-related hardships, are not "exceptional," and collecting cases).

Goldman argues that because he "is among the vulnerable population at heightened risk of getting very sick" from COVID-19, his release pending sentencing is appropriate. He maintains that "[l]iberty is the norm and detention prior to trial or without trials is the carefully limited exception." (Internal quotation marks omitted.) Citing the Bail Reform Act, Goldman maintains that he may be released if "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Goldman's argument is premised on the legal standard for pre-trial detention. *See* 18 U.S.C. § 3142. But Goldman's argument is misplaced. Goldman ignores his adjudication of guilt and argues for application of the less stringent legal standard that applies to pre-trial release. *Compare* 18 U.S.C. § 3142 *with* 18 U.S.C. §§ 3143, 3145(c).

Goldman argues that Sherburne County Jail lacks the resources to screen and test inmates, correctional staff, law enforcement officers and others who enter the facility. But

3

the Sherburne County Jail administrator maintains that "the structural, operational, and medical ability to respond to the ongoing crisis [and] protect inmate health" exists at the facility, including implementation of "rigorous and routine cleaning, sanitation, and hygiene procedures." As of March 25, 2020, there were no reported cases of COVID-19 at the Sherburne County Jail, and officials of Sherburne County maintain that the facility proactively screens new arrivals for illness and requires new arrivals to successfully complete a 14-day quarantine before entering the general population. Should COVID-19 enter Sherburne County Jail, officials represent to the Court that "numerous contingency plans [exist] to isolate and control such an outbreak."

The Court recognizes the gravity of the COVID-19 pandemic. The COVID-19 pandemic presents unique and pressing challenges for both society as a whole and the prison population. But based on the record before the Court, Goldman has not established that the present circumstances warrant his release.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jesse Matthew Goldman's motion for release from custody, (Dkt. 77), is **DENIED**.

Dated: April 1, 2020

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge